THE STATE ex inf. JOHN R. HALES, Prosecuting Attorney, ex rel. E. D. WALKER et al., Appellants, v. H. M. HARPER et al.

In Banc, November 20, 1923.

1. SPECIAL ROAD DISTRICT: Organization: Notice to Non-Resident Landowners: Constitutional Statute. The statutes authorizing the creation of a special road district in a county under township organization (Secs. 10937 to 10960, R. S. 1919) are not unconstitutional because they do not require notice of the proceedings to incorporate the district to be given to non-resident owners of land to be included in the district. Although the proceeding is an exercise of judicial power, it is not a denial of due process of law to include within the district at the time of its incorporation the lands of persons who reside outside the district, without giving them notice, although the statute requires notice to landowners resident within the district.

2. ———: ———: ———: ———: Legislative Creation. Special road districts are public corporations, and the Legislature can create them, as it can other municipal or public corporations, in such manner as it deems expedient or necessary, and grant them powers of taxation which do not exceed the limits prescribed by the Constitution. No notice of any kind of an application to the county court for the incorporation of a special road district is required by the Constitution, and therefore only such notice must be given as is prescribed by the statutes, and they do not require that notice be given to persons owning land within the district who reside outside of its proposed territorial boundaries.

3. ———: ———: Signing of Petition. A petition for the incorporation of a special road district is not defective simply because the petitioners signed their names in the body of the petition, instead of at its end. The important thing is whether each signer intended to become a party to it. Besides, the legislative act providing for

the creation of such a district was intended to promote a great and beneficent public good, and should be liberally construed to the end that the purpose be not thwarted by mere irregularities in the form of things.

4. ————: ————: **Notice: Containing Names of Three Persons.** Where the statute (Sec. 10938, R. S. 1919) requires that the notices of the filing of a petition for the incorporation of a special road district "shall contain the names of at least three signers of said petition," notices containing the correct names of two petitioners, and the correct surname and the wrongful given name of one other, the date of the filing of the petition, the boundaries of the proposed district and other details required by the statute, are substantial compliance with the statute, and are sufficient to uphold a judgment incorporating the district, because it is apparent that no one could be misled by such a clerical error.

5. ————: ————: **Changing Boundaries: Amended Petition.** Where remonstrances are filed to the incorporation of a special road district, the county court may change the boundaries and exclude certain lands included in the original petition, without the filing of an amended petition. It is only when no remonstrances are filed (Sec. 10938, R. S. 1919) that an amended petition must be filed before the county court can make an order incorporating the district with boundaries different from those stated in the original petition. [Distinguishing State ex inf. v. Colbert, 273 Mo. 205-8.]

Appeal from Bates Circuit Court.—*Hon. C. A. Calvird,* Judge.

AFFIRMED.

*John R. Hales, W. B. Dawson* and *Silvers & Silvers* for appellants.

(1) The law under which the alleged district was formed is unconstitutional; being contrary to Section 30, Article 2, providing that no person shall be deprived of property without due process of law; in this, that said statute does require persons owning property or lands within the proposed boundaries of the district, but who reside outside such boundaries, to be notified of the proceedings to incorporate such district. Notice is required to resident owners of land only. Sec. 10938, R. S. 1919;

State ex inf. v. Colbert, 273 Mo. 198. The proceeding to incorporate a special road district is a judicial proceeding, and, therefore, requires notice to all parties in interest. State ex inf. v. Colbert, 273 Mo. 198; Kansas City v. Duncan, 135 Mo. 584; Barber Asp. Pav. Co. v. Ridge, 169 Mo. 376. (2) As a first step to the acquisition of jurisdiction by a county court to incorporate a special road district, there must be filed a petition signed by the required number of landowners residing within the proposed district. In the plain, "ordinary and usual sense," a signing of a document is accomplished by placing one's name at the foot or bottom of the instrument. Anderson's Dict. of Law; See "Signature," Bouvier's Law Dict. (Raule's 3rd Rev.); Catlett v. Catlett, 55 Mo. 330; Walton v. Kendrick, 122 Mo. 522. (3) Insertion of the names of two signers of the alleged petition in the notice given of application to incorporate a special road district, instead of three, does not conform to the statute as to notice required of the filing of such petition and time of hearing thereon. In cases where constructive service is provided for by statute, such statute must be strictly observed and notice served in the precise manner and form prescribed by such statute. State ex rel. v. Myers, 126 Mo. App. 544; Priest v. Capitain, 236 Mo. 446; Ohlmann v. Saw Mill Co., 222 Mo. 67; Wright v. Hink, 193 Mo. 130; Bick v. Maupin, 146 Mo. App. 596; Gardner v. Robertson, 208 Mo. 610. (4) When the county court changed the boundary lines of the proposed special road district and attempted to incorporate a district with boundary lines materially different from those in the petition and notice, without an amended petition or further notice, said court lost jurisdiction over petitioners and all concerned, and such order as was entered was void. Sec. 10938, R. S. 1919; State ex inf. v. Colbert, 273 Mo. 198; State ex inf. v. Smith, 271 Mo. 176; School Dist. v. School Dist., 94 Mo. 618.

*DeArmond & Maxey* for respondents.

(1) The law under which the district was formed is not unconstitutional, nor contrary to Section 30, Article 2, in that persons owning property inside the district but residing outside are not required to be notified of proceedings to form such road district. In re Twp. Organization, 55 Mo. 295; Harris v. Bond Company, 244 Mo. 664; St. Louis v. Allen, 13 Mo. 400; Taylor v. Carondelet, 22 Mo. 110; Coyne v. Rugh, 225 S. W. 985; Bank v. Clark, 252 Mo. 20. (2) The proceeding to incorporate a special road district is a legislative act, which clothes county courts with certain duties in carrying out the same. Cases supra; State ex rel. Dome v. Wilcox, 45 Mo. 464; Embree v. Road District, 257 Mo. 593. (3) As the first step in organization of this road district a petition properly signed was duly filed. 2 Cyc. 27, 207; 7 Cyc. 614; State ex rel. v. Andrae, 216 Mo. 637. (4) The notice given was sufficient compliance with the law. State ex rel. v. Westport, 116 Mo. 582; State ex rel. v. Andrae, 216 Mo. 637; State ex rel. v. Job, 205 Mo. 1; State ex rel. v. Speer, 223 S. W. 661; Atkeson v. Lay, 115 Mo. 538. (5) A remonstrance having been filed, the county court was by law given power to "make any changes in the boundaries of such proposed district as public good may require and make necessary." R. S. 1919, sec. 10938.

SMALL, C.—*Quo warranto* to test the liability of the corporate existence and powers of the Lone Oak Special Road District of Bates County. The relators or plaintiffs are taxpayers and also constitute the township board of Osage Township, which township is a part of said road district. The defendants are the commissioners of said road district.

The answer to the information sets up the organization of said road district by a judgment of the county court of said county on February 17, 1920, in compliance with Article 13, Chapter 98, Revised Statutes 1919, being an act of the Legislature approved May 22, 1919.

The reply put the allegations of the answer in issue and pleaded further: First, that said act of the Legislature

violates Section 30 of Article II of the Constitution of the State, and Section 1 of Article XIV of the Constitution of the United States. Second, that the petition for the incorporation of said road district was not signed by any person, but was an unsigned paper writing taken up by the county court and treated as a legal petition for the incorporation of a special road district. Third, that no notice containing the names of three signers of a petition for such road district was issued or posted by the county clerk, but in lieu thereof a paper containing the names of only two persons, named in the alleged petition for such road district, was posted as a notice. Fourth, that the boundary lines of the district purporting to be incorporated were different and reduced in size from those contained in the petition and notice, which change was not consented to by any person and was made without an amended petition or notice.

At the trial, the petition for the incorporation of said road district was introduced in evidence, and was as follows:

"State of Missouri, County of Bates, ss. In the County Court, February term, 1920.

"To the Honorable County Court of Bates County, Missouri:

"We, the undersigned landowners of Bates County, Missouri, and owners of land in the proposed special road district hereinafter described, do most respectfully petition your honorable body to lay out, establish and organize a special Road District to be known and styled as the Lone Oak Special Road District of Bates County, Missouri.

"We state that we are the rightful owners of the number of acres of land in said proposed special road district set opposite our names in this petition, and that all of said land lies within the proposed road district as hereinafter set out, and also, that all of said land lies within Bates County, Missouri.

"We pray the establishment of the special road district by your honorable body with the following bound-

aries, to-wit: [Here follows description of the boundary of the road district.]

"We further state and show to the court that said proposed special road district contains in all 23,000 acres, more or less, and the following named persons who have joined in this petition now own the number of acres of land in said proposed road district hereinafter set opposite their respective names, and we further state and show to the court that all of the following named persons who have joined in this petition are actual residents of said proposed special road district:

<p style="text-align:center">"Petitioners.</p>

"Signatures.                              Number of Acres.
[Here follow the names of 101 persons directly under the above heading "Signatures," with figures indicating the number of acres set opposite each name; the total number of acres being 15,494.]

"We further state that the following named persons who have not joined in this petition now reside within the limits of said proposed special road district and own within the limits of said district the number of acres of land set opposite their names, and that they are all of the persons residing within said road district and owning land within said proposed special road district, so far as known to your petitioners, who have not joined in this petition and that said persons residing within said road district and owning land within said road district and the number of acres owned by each of said persons, so far as known to your petitioners, are as follows: [Then follow the names of 29 persons, with figures set opposite their names, the total amount of the figures being 2172.]

"We further state that so far as known to your petitioners the total number of acres within said proposed district owned by persons residing within said proposed district is 18,166 acres, and that your petitioners residing within said district own a total of 15,494 acres of said land.

"That, in accordance with the above statements, we represent and state to the court that the persons who have

joined in this petition now own the majority of the whole number of acres within the boundaries of said proposed special road district which are owned by persons actually residents of said road district.''

Then follows a prayer, that the aforesaid special road district be organized under said act of the Legislature of May 22, 1919, as a body corporate. The petition and prayer ended as follows: ''and for the granting of this petition by your honorable body we will forever pray. Bates County, Missouri, December 5, 1919.'' Said petition was marked, ''Filed Dec. 5, 1919.''

The notice of hearing said petition was addressed, and was in part, as follows:

''To the Residents of Proposed Special Road District, Bates County, Missouri: You and each of you are hereby notified that heretofore, on the 5th day of December, 1919, J. R. Baum, Wm. Rice, Roy Stokes and others residing within said proposed district filed in the office of the County Clerk within and for Bates County, Missouri, a petition praying . . .'' The names of J. R. Baum and Wm. Rice are found in the petition that was filed, but not the name of Roy Stokes; but the name Ada Stokes was found in said petition, as one of the persons who filed the same.

Five remonstrances, all in the same form, and identical in substance, but signed by 68 different persons, were filed in said proceeding, prior to the entry of the judgment of incorporation. The signers owned land in the city limits of Butler, a city of the third class in said county, whose property in said city was included within the boundary of said special road district, as described in said petition. The remonstrances alleged, in substance, that said act of the Legislature of 1919, in so far as it attempted to authorize the inclusion of their property in said special road district, was unconstitutional, because their land was subject to taxation to maintain the public streets within the city of Butler, and to include it in said special road district, and subject it to assessments for roads therein, but which assessments

could not be used for the construction of public streets in the city of Butler, would deprive the remonstrators of their property without due process of law, contrary, to the State and Federal Constitutions.

The records of the county court were introduced in evidence showing the petition and remonstrances were heard on the 16th and 17th days of February, 1920, at a regular term of the county court of said county. The order or judgment of the court recited the due filing of the petition "signed by the owners of a majority of the acres of land owned by residents of the county residing within the district proposed to be organized," and also the compliance of said petition in all other respects with the said Act of May 22, 1919. It further recited: "The court doth further find that the clerk gave notice by five hand-bills; . . . that said notices contained the names of three of the signers of said petition. . . . The court doth further find that the petition is signed by a majority of the owners of the acres of land within the district, and that said signers are residents of the county residing within said district. The court doth further find that although five notices were posted, as required by law, no remonstrance has been filed, signed by a majority of owners of acres of land lying within said district, or by owners of a majority of acres within said district, and that no remonstrances have been filed, except by owners of lots within the city of Butler, being a city of less than 150,000 inhabitants, against the inclusion of a part of said city within said road district.

"And it thereupon appearing to the court that certain changes in the boundaries of said proposed district were required by the public good and changes were thereupon deemed necessary.

"And after such changes were made, it appearing to the court that such petition was signed by the owners of a majority of all the acres of land owned by residents of the county residing within the district as so changed, and that the district as changed contains more than 640 acres of land, all lying within Bates County, Missouri,

and all remonstrances to said district as changed being overruled by the court, . . . it is ordered, considered and adjudged by the court, that a special road district be and the same is hereby established and incorporated, to be known as the Lone Oak Special Road District of Bates County, Missouri, and that the said district, as incorporated, shall be composed, as petitioned for, less certain tracts of land omitted therefrom by the court for the public good, of all land lying within the following boundaries, to-wit: . . . '' The boundaries of the district, as originally set forth in the petition, contained about 23,000 acres of land, including about one-half of the city of Butler, and all of the city of Rich Hill. The judgment or order of incorporation excluded about one-half of the property in the city of Butler which was included in the petition, but retained the remainder. It also excluded about 290 acres of farm land, against the inclusion of which there was no remonstrance. No leave was asked or granted, and no amendment was made to the petition to conform it to the lines finally set forth in the order as the boundary of the district.

The court rendered judgment for the defendants, from which the plaintiffs appealed to this court.

I. The road district in question was formed under the provisions of an act of the Legislature approved May 22, 1919, which is incorporated in and constitutes Article XIII, Chapter 98, Sections 10937 to 10960, Revised Statutes 1919. Said article provides for the creation of special road districts in counties operating under township organization. The statute provides for the organization of such road district as "a body corporate" and possessing "the usual powers of a public corporation for public purposes (Sec. 10937), by an order of the county court of the county in which the road district is located. The proceeding is initiated by a petition to be filed in such court "signed by the owners of a majority of the acres of land owned by residents of the county

*Notice to Non-Residents: Constitutional Statute.*

residing within the district proposed to be organized.''
Notice of the filing of said petition by publication or post-
ing is required to be given to "all resident owners of
land in said proposed district who may desire to oppose
the formation thereof to appear on the first day and file
their written remonstrance thereto'' (Sec. 10938).

The first point made by appellants in their brief is,
that said act is unconstitutional, because it does not re-
quire persons owning property or lands within the pro-
posed boundaries of the district, but who reside outside
of such boundaries, to be notified of the proceedings to
incorporate such district, but such notice is required to
be given only to owners of land residing in such district.
That the proceeding to incorporate a special road dis-
trict is a judicial proceeding, and, therefore, requires
notice to all parties in interest, citing State ex inf. v.
Colbert, 273 Mo. 198.

In the Colbert Case, decided by Division Two, the
court had before it the question whether a road district
was duly incorporated under Section 10612 *et seq.* (Laws
1913, p. 678). In that case, no remonstrance was filed to
the incorporation of the district, as prayed in the petition
filed in the county court. The county court, notwithstand-
ing no remonstrance was filed, and without an amended
petition, in its order and judgment of incorporation
changed the boundaries of the district. This, the Su-
preme Court held could not be done under the statute, be-
cause, no remonstrance being filed, the statute required
the district to be incorporated *"with the boundaries given
in the petition,* or with such boundaries as may be set
forth in an amended petition, signed by owners of a ma-
jority of the acres of land affected thereby.'' The court
held that the proceeding to incorporate was a judicial
proceeding, and that the county court went beyond the
authority given it by the original petition and notice,
and exceeded its jurisdiction. It is true, the court *argu-
endo* quotes from the decision of the case of Embree v.
Road Dist., 240 U. S. l. c. 247, as follows: "As the dis-
trict was not established by the Legislature but by an

exercise of delegated authority, there was no legislative decision that its location, boundaries and needs were such that the lands therein would be benefited by its creation and what it was intended to accomplish, and this being so, it was essential to due process of law, that the landowners be accorded an opportunity to be heard upon the question whether their land would thus be benefited." And further at page 249: "We conclude, therefore, that the statute did provide for according the landowners an opportunity to be heard, when the district was created, upon the question whether their lands would be benefited, and also, that the order establishing the district shows that the statute was complied with in that regard."

But neither in the Embree Case, nor in the Colbert Case, was it held that an act for the incorporation of a road district, which gave the right to remonstrate and provided for notice of the application for incorporation to the resident landowners only and not to non-residents within such district, would be unconstitutional.

Special road districts are public corporations and the Legislature can create them the same as other municipal or public corporations, with such powers of taxation, not exceeding the limits fixed in the Constitution, and in such manner as it deems necessary or expedient. [Harris v. Bond Co., 244 Mo. 666.]

So we have expressly held (Coyne v. Rugh, 225 S. W. 985) that no notice of any kind is constitutionally required in the incorporation of a town or city by the county court. It is sufficient to enable the court to create such a corporation, unless the statute requires notice, if, as required by law, a majority of the inhabitants of the district proposed to be incorporated shall present a petition to the county court praying that they may be incorporated. It is not necessary to permit inhabitants not signing such petition to appear and contest it. The statute that created the right provides the remedy and prescribes the procedure. It is complete within itself, and it alone, therefore, determines who may be parties. [1 C. J. 988, note 72.]   . . .

"It is said that taxpayers who are opposed to incorporating a given territory into a city should be accorded the right to be heard in a proceeding instituted for that purpose, because, if sustained, it subjects them to the burdens of municipal taxation. In answer to this contention it is sufficient to say that the giving or withholding of such right is a matter that rests wholly within the discretion of the Legislature. It is not essential to the validity of the proceeding that all taxpayers who may be affected thereby have their day in court. The Legislature has the power to incorporate territory into a city with or without the consent of its inhabitants (St. Louis v. Allen, 13 Mo. 400;  Taylor v. Carondelet, 22 Mo. 105, 110), provided it does it by general law (Const., art. 9, sec. 7). And while the county court, in passing upon the petition, is performing a judicial function, and its pronouncement thereon is a judgment, yet all the agencies invoked by the statute—the majority of the taxable inhabitants, their petition, and the county court—taken collectively, is but the instrumentality through which, in the manner prescribed, the legislative power is exercised in creating cities of the fourth class." [Coyne v. Rugh, 225 S. W. 985.]

In Bank v. Clark, 252 Mo. 20, Section 9255, Revised Statutes 1909, which gave the privilege of protesting against the passage of a resolution to improve a street by special taxation to resident owners of property liable to be taxed therefor only, and not to non-resident owners, was held invulnerable to attack, as either violative of the Constitution of Missouri or of the United States. The same ruling was made by the Supreme Court of the United States in Field v. Barber Asphalt Co., 194 U. S. 618.

So, in Buchan v. Broadwell, 88 Mo. 31, the charter of Kansas City was upheld, which required the city council "upon a petition of residents of Kansas City, who own a majority of front feet on a street to be graded" to grade said street at the expense of all the property owners on the street, whether residents or non-residents.

But, under the statute in question, whenever any road

is to be built by special taxation, notice is required to be given by at least two publications in some weekly newspaper published in the county, which must state when the county court will be in session to consider protests against such improvement, and that "any one" owning or interested in land in the district may file such protest. [Secs. 10945, 10946, R. S. 1919.]

Furthermore, special tax-bills are issued for the collection of special taxes imposed for building roads in such districts which are collected by suit (Sec. 10948), when all the legal defenses a property owner may have may be asserted, which, therefore, in itself, affords him due process of law. [Embree v. Road Dist., 257 Mo. 593.]

We rule this point against appellants.

II. Was the petition properly signed? We hold that it was. The names of the signers, it is true, are not placed at the end of the petition; but the statute does not expressly state they shall be so placed. That each property owner duly signed his name in the body of the

Signing
Petition.

petition, as shown in our statement of the case, intending to become a party to the petition, there can be no doubt. The county court in its order and judgment expressly held, that the petition was duly signed. There was no evidence, and is no claim here, that the signatures appearing in the body of the petition were not the actual signatures of the petitioners. The act of the Legislature was intended to promote a great and beneficent public good, to-wit, *good roads,* and it should receive a liberal construction to the end that the purpose of the Legislature should not be thwarted by mere irregularities in the form of things, when the substance of the law has been complied with. We rule this point against appellants.

III. Is the fact that only two of the parties filing the petition were correctly named in the notice, fatal to the judgment or order of incorporation? We think not. The

law provides as follows: ". . . Said notices shall contain the names of at least three signers of said petition and set out the boundaries of said proposed district, and shall notify all resident owners of land in said proposed district who may desire to oppose the formation thereof to appear on the first·day of such regular term of court and file their written remonstrance thereto." [Sec. 10938.]

<p style="margin-left:2em">Notice:<br>Names of<br>Three Petitioners.</p>

The notice stated, "You and each of you are hereby notified that heretofore on the 5th day of December, 1919, J. R. Baum, Wm. Rice, Roy Stokes and others residing within said proposed district filed in the office of the County Clerk within and for Bates County, Missouri, a petition," etc.

J. R. Baum and Wm. Rice were petitioners, but the name of Roy Stokes was not signed thereto, although Ada Stokes was so signed. The purpose of the statute, in requiring the names of at least three of the petitioners to be inserted in the notice, was to identify the petition, so that persons interested might find and examine it. Inasmuch as the notice gave two of the names of the petitioners correctly and the surname of the other correctly, as well as the date of the filing of the petition and other details required by the statute, we cannot see how any one could have been misled as to the petition or proceeding referred to in said notice. We think the law was substantially complied with and the proceeding was not affected by what, at most, was a mere clerical error.

We overrule appellants' contention on this point.

IV. But it is strenuously urged that the judgment and order of incorporation of the county court was void, because it changed the boundaries of the district from the boundaries described in the petition of the property owners, without an amended petition, as required by the statute. That, in this regard, the statute construed by the court in State ex inf. v. Colbert, 273 Mo. 205-6, and the statute before us, are

<p style="margin-left:2em">Changing<br>Boundaries.</p>

the same, and in that case, the court held the judgment of incorporation void. This may be all granted. But there is a radical difference in the facts in this case, and the facts in that case. The court expressly based its decision in that case on the ground that there were no remonstrances filed. [See pp. 207-8.]

In the case at bar, there were five remonstrances against including portions of the city of Butler in said district, as proposed by the petition filed, and a portion of the property thus objected to was excluded from the boundaries. The remonstrances were therefore not all overruled. In such case the statute (Sec. 10938) expressly authorized the county court to "make any change in the boundaries of the proposed district as the public good may require and make necessary, and if after such changes are made, it shall appear to the court that such petition is signed . . . by the owners of a majority of all the acres of land owned by residents of the county residing within the district as so changed, the court shall make an order incorporating such public road district, and such order shall set out boundaries of such district as established." All of this is recited and affirmatively appears in the judgment or order of incorporation assailed in this case. It is only in case no remonstrances are "filed or all remonstrances filed overruled," that an amended petition is necessary to enable the county court to depart from the boundaries prescribed in the petition of the property owners. The language of said Section 10938 in that regard is as follows: "If no remonstrance shall have been filed, or all remonstrances filed are overruled by the court, the court shall determine whether such petition has been signed by the owners of a majority of the acres of land owned by residents of the county residing within the district, and if so, shall make an order incorporating the district with the boundaries given in the petition, or such boundaries as may be set forth in an amended petition signed by the owners of a majority of the acres of land owned by residents of the county residing within the district, affected thereby; and such amend-

ed petition may be filed at any time before the making of the order establishing a road district. [See also, State ex inf. v. Colbert, 273 Mo. l. c. 207-8.]

We must, therefore, rule this contention against appellants.

Finding no error in the record, the judgment below is affirmed. *Lindsay*, C., concurs.

PER CURIAM:—The foregoing opinion by SMALL, C., is adopted as the opinion of Court in Banc. All of the judges concur, except *James T. Blair* and *Graves*, *JJ.*, who dissent.