STATE OF MISSOURI at the relation and to the use of J. W. GUERRANT, Collector of Revenue of Callaway County, v. SOUTHWESTERN BELL TELEPHONE COMPANY, a Corporation, Appellant.—139 S. W. (2d) 500.

Division Two, May 4, 1940.

*John Mohler* and *G. E. McCloud* for appellant; *Earl H. Painter* of counsel.

*Baker & Baker* for respondent.

WESTHUES, C.—This suit was instituted on behalf of the Mc-Credie-Stephens Special Road District of Callaway county, Missouri, to collect $541.53 from defendant telephone company as taxes for the year 1936. There was a judgment for the taxes from which the telephone company appealed.

The special road district was organized under article 10, chapter 42, R. S. Mo. 1929, Mo. St. Ann., page 6852. The appeal involves the validity of the levy under which the taxes sued for were alleged to be due. The telephone company filed a general denial to the petition and also alleged that if the tax levy was made pursuant to section 8067, R. S. Mo. 1929, Mo. St. Ann., page 6858, it was illegal, because that section was nullified by section 23, article 10, Missouri Constitution, which was adopted subsequent to the enactment of the statute. The telephone company also alleged that if the taxes were levied pursuant to section 23, article 10, supra, and sections 7968, 7969 and 7970, R. S. Mo. 1929, Mo. St. Ann., pages 6811, 6812, the levy was void because the proceedings prescribed by those sections were not complied with. Section 23 of the Constitution, supra, empowers special road districts to levy taxes not to exceed fifty cents on the one hundred dollar valuation when authorized by vote of the majority of the voters of the district. The law provides that upon a petition of not less than ten voters and taxpay-

ers of the road district, the county court shall submit the question of making a levy to the voters of the district. Sections 7968, 7969 and 7970, supra, prescribe the manner of holding such elections. It was conceded that the procedure outlined for an election was not complied with. That question therefore passes out of the case.

Section 8067, supra, provides that the board of commissioners of the road district shall have the power to levy taxes for the construction and maintenance of bridges and repairing of roads. It provides further that—

". . . whenever such commissioners shall, at any time between the first day of January and the first day of March, of any year, file with the clerk of the county court a written statement that they have levied such tax . . . the county clerk, in making out the tax books for such year shall charge all property taxable in such district with such tax, . . ."

A stipulation between the parties contained the following:

"First: That on January 7, 1936, there was held the annual meeting of voters and taxpayers within the boundaries of the McCredie-Stephens Special Road District of Callaway County, Missouri, for the purpose of electing a commissioner, as provided in Section 8063, R. S. Mo., 1929, and that at such meeting a motion was made, seconded and carried, that a special tax levy of twenty-five cents on the one hundred dollar valuation upon property within the boundaries of said Special Road District should be made for the taxable year 1936, and that twenty-four (24) of the qualified voters present voted for the special tax levy, and nineteen (19) voted against said special tax levy.

"Second: That the results of the action of the meeting in regard to the special tax levy was certified to the County Court by the officers of said Special Road District, and, upon that purported authority, the levy of twenty-five cents on the one hundred dollar valuation was authorized by the County Court upon all property within the boundaries of said Special Road District."

Plaintiff's exhibit "C", offered in evidence, reads as follows:

"January 7, 1936.

"Meeting called to order by J. W. Smith.

"Mike Murry nominated as Chairman of the meeting and elected.

"Raymond Howard nominated as Secretary and elected.

"J. W. Smith nominated as three year commissioner. Vote taken. Smith received 47 votes to make a unanimous election.

"Mr. Harris makes a financial report of the district and it is accepted by the meeting.

"Motion made and seconded that the Secretary be required to produce a statement as to the financial expenditures of the district. This motion was accepted unanimously.

"Motion was made and seconded that the business end of the meeting be resumed.

"Motion was made and seconded that a levy of 25¢ be made.

"A vote was taken and according to the ballots there was 24 for the motion and 19 against.

"M. B. Murry, Chair.

"Raymond Howard, Secy."

It seems to us that the above procedure, insofar as the tax levy is concerned, is hybrid in nature. It is neither fish nor fowl. It was conceded that the proceedings were insufficient to sustain the levy under section 23, article 10, of the Constitution. The levy cannot be sustained under the authority of section 8067, because that section empowers the commissioners of the road district to make the levy. The record does not even show that a majority of the commissioners was present at the meeting or how those present voted. Even if a majority had been present and had voted in favor of the levy the meeting was not a meeting of the commissioners, but, as a stipulation stated, an annual meeting of the voters of the district for the purpose of electing a commissioner. At this meeting the voters, as such, and not the commissioners, voted the tax levy. M. B. Murry signed the minutes of the meeting as chairman of the meeting of voters. Raymond Howard signed as secretary of such a meeting. To state it in a simple way, the levy was authorized by the voters of the district and not by the commissioners. In the stipulation it was stated that the levy of twenty-five cents was authorized by the county court upon the authority of the proceedings had at the annual meeting of the voters. Note that under section 8067 the commissioners, and not the county court, are authorized to make the levy. We hold that the purported tax levy cannot be sustained under section 8067, because not made by the commissioners of the district.

Respondent briefed only two points to sustain the judgment of the trial court: First, that parties on appeal are restricted to the theory on which the case was tried in the court below; second, that section 8067, supra, is not unconstitutional. Let us concede for the purpose of this case that a party will be held to the theory upon which the case was tried. The telephone company in this case filed a general denial in addition to the plea of the unconstitutionality of the law. At the close of the case a demurrer was filed wherein it was alleged that:

". . . said evidence neither proves nor tends to prove the cause of action in favor of the plaintiff and against the defendant."

This demurrer was overruled. The point was preserved in the motion for new trial. In the brief appellant stated:

"It is agreed that the levy was not made by the *commissioners* as provided in section 8067, but by the *County Court*.

"In view of this admitted fact the respondent is foreclosed from asserting compliance with the provisions of Section 8067, R. S. 1929.

"We submit that this fact alone constitutes sufficient grounds for reversal of the judgment entered in this suit.

"However, if, for the purpose of argument, we assume the levy was properly made under the provisions of Section 8067, R. S. 1929, the levy is nevertheless void, since said section is in direct conflict with the provisions of Section 23, Article X, Missouri Constitution."

It is evident that appellant's trial theory was not only that Section 8067 was unconstitutional, but also that the levy was void because the statutory proceedings authorizing a levy had not been followed. It is not necessary to discuss other questions in the case.

The judgment is reversed. *Cooley* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.