STATE OF MISSOURI, at the RELATION and to the Use of JAMES A. HUGHES, Collector of the Revenue of AUDRAIN COUNTY, MISSOURI, v. SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant.—Nos. 38800 and 38801.—179 S. W. (2d) 77.

Division One, April 3, 1944.

716

*John Mohler, W. E. Johnson* and *H. W. Brand* for appellant; *Earl H. Painter* of counsel.

718

*George P. Adams* for respondent.

BRADLEY, C.—These are separate causes, were separately tried, and separately appealed, but were here argued together. We dispose of both in this opinion.

January 22, 1942, the collector of Audrain County filed suit (our No. 38,800) to recover from defendant (appellant) special road district taxes alleged to be due in 1941, and aggregating $233.66, and belonging, if valid, to six separate special road districts, and levied by the commissioners of the respective districts. The levies ranged from 10 to 20 cents on the $100 valuation. In addition to the taxes, delinquent penalty, collector's commission, and attorney's fee were sought. January 22, 1943, the collector filed suit (our No. 38,801) to recover from defendant all taxes assessed against it, and on the county tax books, and due in 1942. The aggregate was $8647.11. Delinquent penalty and collector's commission on the whole were sought. The sum of $273.46 included in the aggregate of $8647.11 was special road district taxes in the same districts as in No. 38,800. Defendant, prior to the 1942 taxes becoming delinquent, tendered payment of all taxes falling due in 1942, except the special road district taxes, and as to these, in both cases, the contention was that the levies therefor were void because based upon an unconsitutional statute, Sec. 8716, R. S. 1939, Mo. R. S. A., Sec. 8716. The tender was refused.

The two causes were submitted below July 26, 1943, on an agreed statement, and the trial court held that the levies were valid, and also held that the collector's refusal of the tender was proper. In cause No. 38,800, judgment was rendered against defendant for $233.66, together with penalty, collector's commission and attorney's fee. In cause No. 38,801, judgment for $8647.11 was rendered against defendant which included the $273.46 special road district

taxes. The judgment also carried penalty, collector's commission, and attorney's fee. Defendant appealed in each case and appellate jurisdiction is in the supreme court because the constitutionality of a statute and the construction of the revenue laws of this state are involved. See Sec. 12, Art. 6, Constitution, and Sec. 5, Art. 6, Amendment of 1884.

Two principal questions are presented, viz.: Is Sec. 8716, R. S. 1939, unconstitutional? and, Did the collector properly refuse the tender?

Defendant says that Sec. 8716 is in conflict with Sec. 23, Art. X, Constitution. Sec. 8716 is a part of Art. 11, Chap. 46, R. S. 1939, which provides for the organization of special benefit assessment road districts in counties not under township organization. Sec. 8711, R. S. 1939, Amended, Laws 1941, p. 529, prescribes the manner of organization of such districts. This section concludes as follows:

"Whenever an order is so made (by the county court) incorporating a public road district such district shall thereupon become, by the name mentioned in such order, a political subdivision of the state for governmental purposes with all the powers mentioned in this section and such others as may be conferred by law."

Sec. 8712 provides for the election, by the voters of the district, of three commissioners for such special road districts. Sec. 8716 follows:

"The board of commissioners of any district so incorporated shall have power to levy, for the construction and maintenance of bridges and culverts in the district, and working, repairing and dragging roads in the district, general taxes on property taxable in the district, [and shall also have power and authority and be its duty to levy special taxes for the purpose of paying the interest on bonds when it falls due and to create a sinking fund sufficient to pay the principal of such bonds at maturity]; and, whenever such commissioners shall, at any time between the first day of January and the first day of March of any year, file with the clerk of the county court a written statement that they have levied such tax, and stating the amount of the levy for each hundred dollars assessed valuation, the county clerk, in making out the tax books for such year shall charge all property taxable in such district with such tax, and such tax shall be collected as county taxes are collected. [Whenever it shall be made to appear to the state auditor that the board of commissioners has failed or neglected to comply with this section in making provision for the payment of interest on and the principal of bonds issued ▮▮▮ it shall be the duty of the state auditor, on or before the first day of May, to perform and discharge the duties of the board of commissioners in so far as it is its duty to levy special taxes for the purpose of paying the interest on and the principal of bonds issued."]

We have enclosed part of Sec. 8716 in brackets. That part not in

brackets was enacted in 1913, Laws 1913, p. 682, and that part in the brackets was added in 1927. Laws 1927, p. 414.

Sec. 23, Art. X, Constitution, with which it is claimed Sec. 8716 conflicts, was adopted in 1920 (see Laws 1921, p. 706), and is as follows:

"Sec. 23. Special road tax by road district: In addition to the taxes now authorized to be levied for county purposes, under and by virtue of section 11 of article X of the Constitution of this State, and in addition to the special levy for road and bridge purposes authorized by section 22 of article X of the Constitution of this State, it shall be the duty of the county court of any county in this State, when authorized so to do by a majority of the qualified voters of any road district, general or special, voting thereon at an election held for such purpose to make a levy of not to exceed fifty cents on the one hundred dollars valuation on all property within such district, to be collected in the same manner as state and county taxes are collected, and placed to the credit of the road district authorizing such special levy. It shall be the duty of the county court, on petition of not less than ten qualified voters and taxpayers residing within any such road district, to submit the question of authorizing such special election to be held for that purpose, within twenty days after filing of such petition."

The legislature, in 1921, Laws 1921, p. 595, following the adoption in 1920 of Sec. 23, Art. X of the Constitution, enacted what are now Secs. 8617-8619, R. S. 1939, Mo. R. S. A., Secs. 8617-8619. These sections give the procedure for carrying out the provisions of said Sec. 23, Art. X, of the Constitution.

There are three classes of road districts, viz.: (1) The common road district, Art. 3, Ch. 46, Sec. 8514, R. S. 1939, Mo. R. S. A., Sec. 8514; (2) special eight mile road districts, Art. 10, Ch. 46, Sec. 8673, R. S. 1939, Mo. R. S. A., Sec. 8673; and (3) special benefit assessment road districts (class involved here), Art. 11, Ch. 46, Sec. 8710, R. S. 1939, Mo. R. S. A., Sec. 8710. The act authorizing the organization of special assessment road districts was enacted in 1905, Laws 1905, pp. 282 et seq.

It will be noted that the 50 cents levy on the $100 valuation authorized by Sec. 23, Art. X, Constitution, is in addition to the 50 cents or 35 cents levy on the $100 valuation authorized for county purposes under Sec. 11, Art. X, Constitution, and is in addition to the special and discretionary levy, not exceeding 25 cents on the $100 valuation, for county road and bridge purposes under Sec. 22 (adopted in 1908), Art. X, Constitution. The Constitution (Secs. 11, 22, and 23, Art. X) specifically authorizes three levies on the property in a special road district. The levies under Secs. 11 and 22, Art. X are for county purposes, while the levy under Sec. 23, Art. X, is for district purposes. In addition to these levies on the

property in a special road district are the levies authorized by Sec. 8715. All these levies are to be made by the county court, and in addition to all these possible levies upon the property of the present road districts is the levy under Sec. 8716 which authorizes, if valid, the board of commissioners to make an unlimited levy.

Sec. 8715, like Sec. 8716, was enacted in 1913. Laws 1913, p. 681. It will be noted that the levies authorized by Sec. 8715 are limited to 20 cents on the $100 valuation, as provided in Secs. 8526, R. S. 1939, and to 25 cents on the $100 valuation, as provided in Sec. 8527. After enactment in 1913 of what are now Secs. 8715 and 8716, each authorizing levies, *limited* under Sec. 8715, and *unlimited* under Sec. 8716, there was no change in the law until 1920 when the Constitution was amended by the adoption of Sec. 23, Art. X, authorizing the county court, when authorized by a vote of the district, to levy, not exceeding 50 cents on the $100 valuation. Thus it appears that by Secs. 11, 22 and 23, Art. X, Constitution, and by Sec. 8715, R. S. 1939, the taxable property in special road districts is safeguarded as to what tax may be levied by the county court or voted by the people, but if Sec. 8716 is not affected by the amendment of 1920, then the commissioners of a special road district may levy any tax, regardless of the amount, if it is short of confiscation.

It is true that Sec. 23, Art. X, Constitution, in terms, only *prohibits the voters* of the district from voting, and *the county court* from levying on such vote, any levy in excess of 50 cents on the $100 valuation. It does not in terms prohibit the board of commissioners from making any levy. Sec. 23, Art. X does not mention commissioners. And it is true that Sec. 8716 authorizes *only the board of commissioners* to levy and says nothing about what the county court may levy. Such being the situation, it might be argued that, since Sec. 23, Art. X does not, in terms, limit levies *made by the board of commissioners,* the commissioners would be free to make any levy, regardless of amount, if it was less than confiscation, and such, in effect, is plaintiff's contention.

Harris v. William R. Compton Bond Co. et al., 244 Mo. 664, 149 S. W. 603, was a taxpayer's suit challenging the validity of a $100,000 bond issue of the Fulton Special Road District, an eight mile district. The bond issue was made under the authority of the Act of 1911, Laws 1911, p. 371. Sec. 1 of the Act provided: "The board of commissioners of the special road districts of this state heretofore or hereafter organized are hereby authorized to issue road bonds for and on behalf of their respective special road districts to an amount, including existing indebtedness, of not exceeding five (5) per centum of the assessed valuation of such special road district. . . ."

Sec. 2 of the Act provided: "Whenever the board of commissioners of any special road district propose to issue bonds for road purposes,

they shall order an election to be held in such district upon the question. . . . " And then followed provisions as to the election, sale, etc. A two-thirds majority of those voting was required.

The levy in the district, if the bond issue was voted, would be in excess of 25 cents on the $100 valuation. One of the contentions made was that under Secs. 11 and 22, Art. X, Constitution, the levy was limited to 25 cents on the $100 valuation. Sec. 11, Art. X limits levies by the county court for county purposes, etc. Sec. 22, Art. X, adopted in 1908, referred to, supra, provides:

"Sec. 22. Special road and bridge tax. In addition to taxes authorized to be levied for county purposes under and by virtue of section 11, article X of the Constitution of this State, the county court, in the several counties of this State not under township organization, and the township board of directors in the several counties under township organization, may, in their discretion, levy and collect, in the same manner as state and county taxes are collected, a special tax not exceeding twenty-five cents on each $100 valuation, to be used for road and bridge purposes, but for no other purpose whatever; and the power hereby given said county courts and township boards is declared to be a discretionary power."

It was held in the Harris case, supra [244 Mo. 664, headnote 3] that "special road districts, as other municipal corporations, cannot create a debt in excess of five per cent of the assessed valuation of its property, but there is no limitation of the amount of taxes it may levy, except that it must levy a tax sufficient to pay the principal and interest of the bonds as they become due." And also, the Harris case holds [244 Mo. l. c. 693] that Secs. 11 and 22, Art. X, Constitution, deal with levies *by the county court for county purposes,* and have no application to levies made *by the commissioners* of special road district *for district purposes.* See also State ex inf. Hales v. Harper et al., 301 Mo. 115, 256 S. W. (2d) 469, l. c. 472.

Sec. 23, Art. X, Constitution, also deals with a levy *by the county court,* after a vote as therein provided, but the levy authorized is not for *county purposes* as in Secs. 11 and 22, Art. X, but is for *general district purposes.* And it will be noted that the purpose of the levy authorized by Sec. 8716 is for *general purposes,* specified as "the construction and maintenance of bridges and culverts in the district, and working, repairing and dragging roads in the district." Prior to the adoption in 1920 of Sec. 23, Art. X, there was no specific Constitution authorized levy in special road districts for *general purposes* in the district, and the concrete question is, Did Sec. 23, Art. X, by implication, render Sec. 8716 no longer valid as to levies for general district purposes?

"The legislature, having plenary power to enact laws, absent constitutional restrictions, such restrictions must be expressed in the Constitution or *clearly implied* by its provisions." State v. Shelby,

333 Mo. 1036, 64 S. W. (2d) 269, l. c. 271. " 'There is no better settled law in our state than the rule that courts will not ▮▮▮ hold a statute to be unconstitutional unless it contravenes the organic law in such a manner as to leave no doubt of its unconstitutionality' . . . On the other hand, if there is no doubt that a statute or part thereof is in conflict with the Constitution, then it is the duty of any court, whose duty it is to decide, to declare the conflict and declare void the statute or part thereof in conflict with the Constitution." Barker v. St. Louis County, 340 Mo. 986, 104 S. W. (2d) 371, l. c. 377. We do not think it can be said with good reason that, after the adoption of Sec. 23, Art. X, limiting levies by the county court for general purposes to 50 cents on the $100 valuation, even when authorized by vote of the people, that it was intended to leave in effect Sec. 8716, which authorizes the board of commissioners to make unlimited levies for the same purpose. "The wisdom of these constitutional safeguards (against excessive taxation) has been fully demonstrated by experience." Kansas City, Ft. Scott & Memphis R. Co. v. Thornton, 152 Mo. 570, l. c. 575, 54 S. W. 445.

It is true that Sec. 8716 was enacted in 1913, and therefore, prior to the adoption of Sec. 23, Art. X, Constitution, but "it is the duty of the courts to enforce the organic law and to brush aside any statute which conflicts with it, whether it was passed before or after the Constitution was adopted." Kansas City, Ft. Scott & Memphis R. Co. v. Thornton, 152 Mo. 570, l. c. 575, 54 S. W. 445.

We are constrained to rule that the portion of Sec. 8716, R. S. 1939, authorizing the commissioners to make an unlimited levy as therein provided for general purposes in the district as therein specified, is in conflict with Sec. 23, Art. X, of the Constitution, and is void.

Plaintiff says that Sec. 8716 was held to be constitutional and not in conflict with Sec. 23, Art. X, Constitution, in Hawkins v. Cox et al., 334 Mo. 640, 66 S. W. (2d) 539, and in State ex rel. Guerrant v. Southwestern Bell Telephone Co., 345 Mo. 1217, 139 S. W. (2d) 500. In the Hawkins case the constitutional validity of what is now Sec. 8716 was not involved or considered. In the Guerrant case the constitutional validity of said section was involved, but the question was not ruled.

We might say that the Attorney General, on April 7, 1942, rendered an opinion to the clerk of the county court, Atchison County, holding that Sec. 8716 conflicts with Sec. 23, Art. X, of the Constitution. In that opinion it was said that a construction, holding Sec. 8716 valid, as to levies for general purposes in the district, after the adoption of Sec. 23, Art. X, "would render the limitation provision of said Section 23 meaningless", and we agree.

In view of the conclusion reached on the constitutional validity of Sec. 8716, it will not be necessary to rule the question on the refusal

of the tender made in No. 38,801, since the refusal was on the sole ground that defendant did not include the special road district taxes in the tender.

The judgment in No. 38,800 should be reversed, and the judgment in No. 38,801 should be reversed and the cause remanded with direction to the trial court to permit defendant to pay, without penalty and court costs, and without attorney's fee, the taxes there involved, except the special road district taxes. It is so ordered. *Dalton* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.