No. 9440.

SCHOOL DIST. NO. 1 IN DENVER v. THE INDUSTRIAL COMMISSION.

1. WORKMEN'S COMPENSATION ACT—*Constitutionality of.* The Workmen's Compensation Act, (laws 1917, c. 179) was enacted under the police power, and similar legislation has been uniformly sustained.

2. PUBLIC SCHOOL DISTRICTS—*Affected by the act,* and liable to contribute to the Compensation Insurance Fund.

The exaction is not in the nature of a public imposition, for a private purpose.

3. LIABILITY, HOW ENFORCED. The school district is liable to a civil action if it defaults in payment.

4. LEGISLATION—*Unreasonable—Presumptions of Amendment.* If found by experience that the percentage of the previous payroll required to be paid, is too large, it must be presumed that the legislature will, in due course, amend the provisions of the statute to meet the contingency.

5. PUBLIC OFFICERS—*Presumptions as to discharge of official duty.* Until the contrary appears it will be presumed that the proper official will exercise the authority granted by sec. 45, to exempt the counties and other public bodies from the contribution, in the cases there mentioned.

*Error to Denver District Court, Hon. John H. Denison, Judge.*

Messrs. PERSHING, NYE, FRY & TALLMADGE, Mr. HERBERT M. MUNROE, for plaintiff in error.

Hon. VICTOR E. KEYES, Attorney General, Mr. CHARLES ROACH, Deputy Attorney General, Mr. CHARLES H. SHERRICK, Assistant Attorney General, Mr. WALTER E. SCHWED, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS action was brought by The Industrial Commission against School District Number 1, in the City and County of Denver, to recover $16,865.74, alleged to be due as a premium on compensation insurance under the Workmen's Compensation Act. Trial was to the court upon stipu-

lated facts.   Judgment was for plaintiff, which judgment the defendant brings here for review.

The assignments of error relied upon by defendant relate chiefly to the right of the commission to bring the action in its present form, and also to the constitutionality of those portions of the Act under which the premium that it is now sought to collect was ascertained and levied.  By the stipulation it is agreed that if the commission is entitled to recover at all, the judgment rendered is correct in amount.

It is urged by defendant that the commission can enforce payment, if at all, only by virtue of sections 45 and 46 and that portion of section 47 of the Compensation Act which is as follows:

"In October, 1915, and in February of each year thereafter the State Treasurer shall certify to the commission the amount of money that has been paid to him for credit to the State Compensation Insurance Fund as provided in this Act and the amount paid by the state itself, and by each county, city, town, irrigation or school district therein, and at the same time shall certify to the commission the name of such as may have made default in the payment of the sums thereinbefore provided, and the respective amounts for which they are in default.  When any default is made in the payment of the sums hereinbefore required to be contributed to the State Insurance Fund, or when any official fails, neglects or refuses to perform any act or acts required to be performed by him with reference to the making of such payments it shall be the duty of the commission forthwith to institute the proper proceedings in court to compel such payment or payments to be made. The commission shall keep a separate account of the money paid into the State Compensation Insurance Fund by the State and by its political subdivisions as hereinabove provided, and the disbursements made therefrom on account of the injuries to and death of public employees, subject to the provisions of this Act."

Under the terms of the above and the other sections of the Act relied upon and referred to by the School District upon this point, it is argued that the only right given the commission is the right to compel the proper public officer, or set of public officers, to perform some duty or duties enjoined upon them by the Act, in reference to the State Compensation Insurance Fund, and that the legislature provided no duty for the School District, or any of its officers, in reference thereto. It is urged, therefore, that the proper and only remedy open to the commission is that of mandamus.

Section 21 of the Act, however, provides as follows:

"If any employer shall be in arrears for more than five days in any payment required to be made by him to the State Compensation Insurance Fund, as provided in this Act, he shall by virtue of such arrearage be in default of such payment, and the amounts due from him shall be collected by civil action against him in the name of the commission as plaintiff; and it shall be the duty of the commission to certify to the Attorney General of the State the names and residences of all employers known to the commission to be in default for such payments for a longer period than five days, and the amount due from each such employer, and it shall then be the duty of the Attorney General forthwith to bring or cause to be brought against each such employer a civil action in the proper court for the collection of such amount so due and the same when collected, shall be paid into the State Compensation Insurance Fund. * * * "

This section plainly provides that proper proceedings in court to which reference is made in section 47.

By section 4, subsection d, (1) of the Act, the term "employer" is expressly and directly made to include school districts, and all public institutions and administrative boards thereof, without regard to the number of persons in the service of any such public employer; and provides that all such public employers shall at all times be subject

to the compensation act. In order to hold that by the provisions of section 47 a school district is immune from the penalties and process of section 21, it would be necessary to construe section 47 as declaring that in case of non-payment by a school district the only remedy provided was one against delinquent state or county officers, and in effect to withdraw from the section in cases where a school district is involved, the provision therein that: "When any default is made in the payment of the sums hereinbefore required to be contributed, * * * it shall be the duty of the commission forthwith to institute the proper proceedings in court to compel such payment or payments to be made." To so hold as to school districts, would manifestly be unreasonable, discriminatory, and in view of section 21, illogical and utterly unwarranted. This is especially true when, as in this case, the defendant school district denies that it is an employer under the provision of the Act, and claiming therefore that it is in no way subject to or controlled by it. And further, where, as here, it is admitted that the premium in question, and no part of it, has been paid. The question whether mandamus might not, under some state of facts, be a proper remedy, is not involved, and need not now be considered or determined. It is clear, however, that section 47 does not limit the commission to that remedy, and that under other sections of the Act, taken and considered with section 47, such a proceeding as this is clearly contemplated, and is therefore entirely proper and sufficient.

The attack by the school district upon the constitutionality of the Act is upon the theory that those portions under which it is sought to enforce payment deprive the district of property without due process of law. This argument is based upon the premise that the premium assessed against the district is in the nature of a public tax, ostensibly for a public purpose, but in reality expended for a private purpose; that the amount assessed is not reasonably

proportionate to the expenditure to be made; and that it is not fairly distributed.

It has repeatedly been held that the object is a public one even where the sole purpose of the act was to provide compensation for private employees only. It can be none the less for a public purpose when the statute, as in the case at bar, is so framed as to provide for compensation to public employes also. *Mountain Timber Co. v. Washington,* 243 U. S. 219, 61 L. Ed. 685, 37 Sup. Ct. 260, Ann. Cas. 1917D 642. The mere fact that the fund is elective as to private employees in no way changes its character so as to bring it under the rule inhibiting the use of public taxes for private purposes. *Hunter v. Colfax Cons. Coal Co.,* 175 Ia. 245, 154 N. W. 1047, 157 N. W. 145, 15 Ann. Cas. 1917E 803.

The manner in which a state, a municipality or a school district, shall treat its employers appears to be peculiarly a matter of legislative determination. Upon this proposition, in *Borgnis, et al. v. The Falk Company,* 147 Wis. 327, 133 N. W. 209, 37 L. R. A. (N. S.) 489, it was declared:

"We know of no reason why the public, acting by its lawmaking powers, may not provide that its employees shall have as part of their compensation certain indemnities in case of accidental injury in the public service. When a law so provides, the raising of the funds to discharge these indemnities becomes plainly a public purpose."

The record wholly fails to show that the amount to be paid by the district is not reasonably proportionate to the expenditures to be made, or that the assessed tax is not fairly distributed. The law provides, section 43, for the payment of one per centum of the pay roll of any public employer during the last preceding fiscal year. If it shall be found by experience that this percentage is too large, the presumption is that the legislature will in due course amend the law to meet such contingency. *Colo. Postal Telegraph Co. v. City of Colorado Springs,* 61 Colo. 560, 158 Pac. 816.

Upon the claim that the tax is not fairly distributed it

appears that the Act, section 45, provides for the remission of premiums, after the first payment, whenever it shall appear that there is sufficient money to the credit of any taxing district to provide for the probable disbursement required to be made for the injured, and to the dependents of killed employees of such taxing district for the ensuing year. This provision in itself affords abundant authority for making the distribution eminently fair and just, and until the contrary appears it must be presumed that the proper officials will see to it that this is done.

The Workmen's Compensation Act was passed under the police power of the State, which, as was said in *Bank v. Haskell*, 219 U. S. 186, 55 L. Ed. 112, 31 Sup. Ct. 186, 32 L. R. A. (N. S.) 1062, Ann. Cas. 1912A 487, "extends to all great public needs." Legislation of like character has been and is being enacted in all jurisdictions in response to such needs, and such legislation has been practically uniformly sustained, as a proper exercise of the police power. In the case at bar there is nothing whatever in the record to indicate an improper exercise of such power.

In *N. Y. Central R. R. Co. v. White*, 243 U. S. 186, 61 L. Ed. 667, 37 Sup. Ct. 247, L. R. A. 1917D 1, Ann. Cas. 1917D, 629, in discussing the constitutionality of the compensation act of New York, the court said:

"The act evidently is intended as a just settlement of a difficult problem, affecting one of the most important of social relations, and it is to be judged in its entirety. We have said enough to demonstrate that, in such an adjustment, the particular rules of the common law affecting the subject-matter, are not placed by the Fourteenth Amendment beyond the reach of the lawmaking power of the State.

"Viewing the entire matter, it cannot be pronounced arbitrary and unreasonable for the state to impose upon the employer the absolute duty of making a moderate and definite compensation in money to every disabled employee, or, in case of his death, to those who were entitled to look

to him for support, in lieu of the common-law liability confined to cases of negligence."

In connection with the authorities already referred to and quoted from, the following cases are cited as supporting in general the principles already announced herein: *Sherlock v. Alling,* 93 U. S. 99, 23 L. Ed. 819; *M. P. R. R. v. Castle,* 224 U. S. 541, 56 L. Ed. 875, 32 Sup. Ct. 606; *Barbier v. Connolly,* 113 U. S. 27, 28 L. Ed. 923, 5 Sup. Ct. 357; *Gundling v. Chicago,* 177 U. S. 183, 44 L. Ed. 725, 20 Sup. Ct. 633; *Wood v. City of Detroit,* 188 Mich. 547, 155 N. W. 596, L. R. A. 1916C, 388; *Nevada Industrial Commission v. Washoe Co.,* 41 Nev. 437, 171 Pac. 511; *Western Indemnity Co. v. Pillsbury,* 170 Cal. 686, 151 Pac. 398; *State ex rel Goodwin v. Nelson County,* 1 N. D. 88, 45 N. W. 33; *Cincinnati v. Hopkins,* 16 Ohio N. P. Rep. 279; *Porter v. Hopkins,* 90 Ohio St. 74, 109 N. E. 629; *Lewis & Clark County v. Industrial Accident Board,* 52 Mont. 6, 155 Pac. 268.

A careful consideration of the effect of the sections involved fails to disclose the slightest reason for declaring them or any or either of them unconstitutional. The judgment of the trial court is correct and should be affirmed.

Judgment affirmed.

Decision *en banc.*

Mr. Justice Denison not participating.