PHILLIP J. HICKEY, Superintendent of Instruction, Board of Education, City of St. Louis, Missouri, and THOR BRUCE, Auditor of the Board of Education of the City of St. Louis, Missouri, (Plaintiffs) Appellants, v. THE BOARD OF EDUCATION of the City of St. Louis, Missouri, and MERVYN E. WEITHAUPT, Secretary-Treasurer of the Board of Education of the City of St. Louis, State of Missouri, (Defendants) Respondents, No. 43232—256 S. W. (2d) 775.

Division One, April 13, 1953.

*Ethan A. H. Shepley* and *Shepley, Kroeger, Fisse & Shepley* for (plaintiffs) appellants.

*Emmet T. Carter* and *Gerald K. Presberg* for (defendants) respondents.

LOZIER, C.—Injunction. Plaintiffs-appellants (herein called plaintiffs) are the Superintendent of Instruction and the Auditor, respectively, of the Board of Education of the City of St. Louis (herein called the Board). Defendants-respondents (herein called defendants) are the Board and its Secretary-Treasurer. Plaintiffs appeal from a judgment dismissing their petition. As construction of the state constitution is involved, the appeal is properly here. Sec. 3, Art. V, Cons., 2 V.A.M.S., p. 31.

The Board administers the public school system of the School District of the City of St. Louis. Sec. 165.563. (All statutory chapter and section references are to both RSMo 1949 and V.A.M.S.) The Board appoints the district's officers, agents and employees and fixes their compensation. Sec. 165.580.

It was stipulated that: In 1951, the Board "determined to bring itself under the Workmen's Compensation Act of the State of Missouri, and authorized its Secretary-Treasurer to procure insurance to cover the liability of said Board which will be assumed by it upon the Board's final compliance with the statutory requirements of election to come within said Workmen's Compensation Act * * * and that the said Secretary-Treasurer * * * is presently engaged in taking the necessary steps to procure said liability insurance, and that the Board and its Secretary-Treasurer will, in the immediate future, contract for the purchase of said insurance and expend public funds therefor unless restrained * * *." Plaintiffs' action was to restrain the proposed expenditure. The trial court found for defendants, refused the requested injunction and dismissed the petition.

No constitutional provision expressly authorizes such an expenditure. However, Secs. 287.030 and 287.090 authorize a school district to elect to become an "employer" under the Workmen's Compensation Law, Chap. 287, Secs. 287.010-287.800.

Plaintiffs first contend that expenditures of public funds for workmen's compensation [777] for public employees would constitute a violation of Sec. 23, Art. VI, Cons., 2 V.A.M.S., p. 356: "No county, city or other political corporation or subdivision of the state shall * * * grant public money or thing of value to or in aid of any corporation, association or individual, except as provided in this Constitution." Plaintiffs also assert that Secs. 287.030 and 287.090 violate Sec. 25, Art. VI, Cons., 2 V.A.M.S., p. 359: "No county, city or other political corporation or subdivision of the state shall be authorized to * * * grant public money or property to any private individual, association or corporation * * *."

The Workmen's Compensation Law is the exercise by the state of its police power. Kemper v. Gluck, 327 Mo. 733, 39 S. W. 2d 330. Sec. 287.800 requires that its provisions "shall be liberally construed with a view to the public welfare." Such a legislative declaration is "entitled to great weight," and we must presume that the statute's purposes are "public purposes." Laret Inv. Co. v. Dickmann, 345 Mo. 449, 134 S. W. 2d 65, 68[3, 4]. "The fundamental purpose of the Legislature in enacting the Workmen's Compensation Law was, *as a matter of public welfare,* to place upon industry the losses sustained by workmen and their dependents by reason of injuries and death arising out of and in the course of *employment*—the theory being that compensation for such losses should be paid by industry rather than to leave the injured employee or his dependents to bear such loss alone. See 71 C.J., Sec. 15, page 242 et seq." Beatty v. Chandeysson Electric Co., 238 Mo. App. 868, 190 S. W. 2d 648, 654[11]. (Our italics.)

"All states have provided some kind of coverage of public employments. * * * Missouri excludes public employees unless they

are brought under the act by a law or ordinance of the political subdivision. \* \* \* The compulsory or elective character of an act sometimes varies between public and private employment. Broadly, thirty-seven state statutes are compulsory as to some or all public employees. \* \* \*'' 1 Larson, Workmen's Compensation, Sec. 56.10, p. 816; see also Secs. 56.20-56.35, pp. 816-823. And also, 2 Schneider, Workmen's Compensation, Chap. 10, p. 276.

The weight of authority is that expenditures of public moneys for workmen's compensation for public employees are for public purposes and are not ''grants'' of public money. See: 58 Am. Jur., Workmen's Compensation, Sec. 121, p. 658; Annos., 53 A.L.R. 1290, 1291-1292, 54 A.L.R. 788, 129 A.L.R. 990, 1009; Fairfield v. Huntington, 23 Ariz. 528, 205 P. 814, 22 A.L.R. 1438; School Dist. No. 1 in City and County of Denver v. Industrial Commission, 66 Colo. 580, 185 P. 348; City of Macon v. Benson, 175 Ga. 502, 166 S. E. 26; City of Atlanta v. Pickens, 176 Ga. 833, 169 S. E. 99; Kroncke v. Caddo Parish School Board, (La. App.) 183 So. 86; Clauss v. Board of Education, 181 Md. App. 513, 30 A. 2d 779; Wood v. Detroit, 188 Mich. 547, 155 N. W. 592, L.R.A. 1916C, 388; Lewis and Clark County v. Industrial Accident Board, 52 Mont. 6, 155 P. 268, L.R.A. 1916D, 628; Nevada Industrial Commission v. Washoe County, 41 Nev. 437, 171 P. 511; Towe v. Yancey County, 224 N. C. 579, 31 S. E. 2d 754; Porter v. Hopkins, 91 Ohio St. 74, 109 N.E. 629; Borgnis v. Falk Company, 147 Wis. 327, 133 N.W. 209, 37 L.R.A.(NS) 489; City of Milwaukee v. Roth, 185 Wis. 307, 201 N.W. 251. *Contra*: Tyler v. Texas Employers' Insurance Association, (Tex. App.) 288 S. W. 409; Floyd County v. Scoggins, 164 Ga. 485, 139 S. E. 11 (as to certain county employees).

█ Furthermore, Sec. 23, Art. VI, prohibits grants of public money ''except as provided in this Constitution.'' Sec. 25, Art. VI, empowers the legislature to ''authorize payments from any public funds into a fund or funds for paying benefits upon retirement, disability or death to persons employed and paid out of any public fund for educational services, and to their beneficiaries or estates.'' We shall refer to this exception by its popular name, ''teachers' pensions.''

The ''teachers' pensions'' provision is a broad authorization for the legislature to provide for payment, out of public school funds, of ''benefits'' upon the disability or death of public school employees. Certainly, [778] the provision's language does not exclude ''benefits'' in the form of workmen's compensation. The legislature has provided for certain disability and death ''benefits'' for the employees of the instant school district. In the ''retirement system'' for such employees (see Secs. 169.410-169.540), disability benefits are payable only for total disability, and death benefits are limited to the amount of the employee's ''accumulated contributions.'' Sec. 169.460. Unlike work-

men's compensation (see Secs. 287.020 and 287.120), both total disability and death benefits are payable where the disability or death does not result from personal injuries "by accident arising out of and in the course of employment."

The legislature itself has not made mandatory payment for workmen's compensation for the instant school district's employees. But it has unmistakably recognized workmen's compensation as a "benefit upon disability or death" under the "teachers' pensions" provision, and has recognized its own power to either require or to permit this district to pay for workmen's compensation for its employees. Sec. 169.470 provides that the value of amounts paid or payable by the district under "workmen's compensation or similar law if and when the school district shall elect to place itself under or by law is placed under the provisions of any such law * * * shall be offset against and payable in lieu of any benefits payable out of funds provided by the school district" under the "retirement system." Consideration of the "teachers' pensions" provision of the constitution, Secs. 169.470 and 287.030 (authorizing a school district to elect to accept the provisions of the workmen's compensation law) compels this conclusion as to payment of "benefits upon disability or death" of the district's employees: That "benefits" include compensation for disabilities (partial as well as total) and for death resulting from personal injuries by accident arising out of and in the course of public school employment; and that the legislature has authorized the instant Board to provide for such "benefits" in the form of workmen's compensation and to expend public school funds for that purpose.

It follows that *if* payment for workmen's compensation for the Board's employees is a "grant of public money," the proposed expenditure of public school money is one authorized both by the constitution itself and by legislative action not prohibited by the constitution. See 58 Am. Jur., Workmen's Compensation, Sec. 121, p. 658. "It is a fundamental principle of constitutional law that a State Constitution is not a grant of power as is the Constitution of the United States but, as to legislative power, it is only a limitation; and, therefore, except for the limitations imposed thereby, the power of the State Legislature is unlimited and practically absolute." Kansas City v. Fishman, 362 Mo. 352, 241 S. W. 2d 377, 379[1, 2]. Those limitations must be "expressed in the Constitution or clearly implied by its provisions." State v. Shelby, 333 Mo. 1036, 64 S. W. 2d 269, 271 [2]. A statute will not be held unconstitutional unless it *clearly and undoubtedly* contravenes some constitutional provision. State ex rel. Hughes v. Southwestern Bell Telephone Co., 352 Mo. 715, 179 S. W. 2d 77, 80 [3-5]. The presumption of a law's constitutionality (State ex rel. Oliver v. Hunt, (Mo.) 247 S. W. 2d 969, 972[3, 4]) applies to

workmen's compensation laws. 58 Am. Jur., Workmen's Compensation, Sec. 8, p. 581.

The judgment is affirmed. *Van Osdol* and *Coil, CC.,* concur.

PER CURIAM:—The foregoing opinion by LOZIER, C., is adopted as the opinion of the court. All the judges concur.