Dear Mr. Wilson:
This opinion is in response to your request of January 10, 1979, in which you ask:
 "Can contiguous counties, by County Court Order, join together in a common Disaster Planning program which would include sharing the cost of a single Disaster Planning Office, Director and staff."
In your request you also state that:
 "Many rural counties of the State do not have sufficient funds to hire a full-time civil defense director. In addition, many counties do not have a need for a full-time civil defense director. Because of this, a civil defense program in many rural counties is non-existent. However, if counties can join together and provide an equal share of the cost, programs can be established in multi-county areas."
Enclosed is a copy of Opinion No. 146 issued by this office May 19, 1972, where, in response to a somewhat similar inquiry by Representative Reisch, we opined that:
 "It is the opinion of this office that counties may cooperate with each other and expend county funds under the provisions of Section 70.210, RSMo 1969 et seq., within appropriate limitations, by becoming members of an association of counties for the purposes of research in the field of local government, providing training for county officials, providing information for the efficient operation of county government and supporting or opposing legislation affecting such counties."
As was the case in the Reisch opinion, supra, the Missouri Constitutional provisions applicable to the questions which you pose in your opinion request are Article VI, Section 14 and Article VI, Section 16, which respectively provide, in that part here pertinent, as follows:
Section 14:
 "By vote of a majority of the qualified electors voting thereon in each county affected, any contiguous counties, not exceeding ten, may join in performing any common function or service, . . . and by separate vote may join in the common employment of any county officer or employee common to each of the counties. The county courts shall administer the delegated powers and allocate the costs among the counties. Any county may withdraw from such joint participation by vote of a majority of its qualified electors voting thereon."
 Section 16:
 "Any . . . political subdivision of this state may contract and cooperate with other . . . political subdivisions thereof, . . . for the planning, development, construction, acquisition or operation of any public improvement or facility, or for a common service, in the manner provided by law."
Sections 70.010, et seq., RSMo implement Section 14 and Sections70.210, et seq., RSMo implement Section 16 above. Section 70.210(2), RSMo includes "counties" within the definition of "political subdivision."
Both Section 14 (with implementing statutes 70.010, et seq., RSMo) and Section 16 (with implementing statutes 70.210, et seq., RSMo) deal with the ability of counties to join, contract, or cooperate with one another in performing a common function or service and were newly enacted in the Missouri Constitution of 1945. Reference to paragraph 4 of your opinion request indicates that your concerns arise primarily out of the apparent conflict in requirements under these provisions which must be met in order to enable counties to join, contract or cooperate in performing common functions or services. In this connection, your attention is directed to that portion of the enclosed Reisch opinion wherein this office opined that no such conflict in requirements is posed by these two constitutional provisions or their implementing statutes:
 "Although it appears at first glance that there is a conflict between Sections 14 and 16 of Article VI of the Missouri Constitution and the statutory provisions which implement such sections, it is our view that no such conflict exists. That is, Sections 70.010 to 70.090, which were enacted contemporaneously with Section 14, provide a procedure for petition (Section 70.020) and election (Sections 70.030 to 70.050) to adopt a proposition for the joint performance of common services by contiguous counties not exceeding ten in number. On the other hand, Sections 70.210 to 70.325, enacted in implemention of Section 16, include `counties' within the definition of `political subdivisions' (Section 70.210) and authorize the governing body of such counties, without limitation as to the number or location of such counties, to cooperate under contract in performing common services provided such cooperative action is within the scope of such counties' powers. (Section 70.220).
 "Keeping in mind that the Constitution is only a limitation on the power of the state legislature and not a grant of power, Hickey v. Board of Education of City of St. Louis, 256 S.W.2d 775
(Mo. 1953), it is our view that Section 16 and Sections 70.210 et seq., are applicable in the premises and that two or more counties whether contiguous or not and without regard to the number of such counties involved may enter into cooperative agreements."
In accordance with the position taken by this office in the Reisch opinion, supra, it is our view that Article VI, Section 14 and Sections 70.010, et seq., RSMo contemplate a procedure for petition and election to adopt a proposition for the joint performance of common services by contiguous counties not exceeding ten in number, whereas Article VI, Section 16 and Sections 70.210, et seq., RSMo authorize county governing bodies to cooperate under contract in performing common services, irrespective of the number or contiguity of the counties in question, provided the cooperative action is within the scope of such counties' powers. The rationale attendant the issuance of the Reisch opinion, supra, by this office is equally applicable in the instant premises and it is our view that Article VI, Section 16 and Sections70.210, et seq., RSMo would permit counties, regardless of number or contiguity, to enter into a cooperative agreement relative to the establishment of a local disaster planning program as required by Section 44.080, RSMo. Proposed cooperation among the State of Missouri's poorer counties, where such plans are nonexistent due to insufficient funds, in order to financially enable these counties to comply with the requirements of Missouri law would appear to be a proper county objective.
Additionally, as also was noted in the Reisch opinion, supra,
reference to Section 70.250, RSMo (respecting methods of financing) and Section 70.260, RSMo (respecting provisions which may be included in joint contracts of this nature) indicates that counties may not only share in financing the expenses attendant such an agreement, but also may provide for the selection and compensation of officers to supervise such a joint planning or services operation. Reference to Section70.230, RSMo indicates that the power to institute a cooperative agreement of this sort may be exercised by order of the county court, in that it provides:
 "Any municipality may exercise the power referred to in section 70.220 by ordinance duly enacted, or, if a county, then by order of the county court duly made and entered,. . ." (Emphasis supplied).
CONCLUSION
It is the opinion of this office that irrespective of number or contiguity, counties may, by county court order duly made and entered, participate in cooperative agreements under Article VI, Section 16, Missouri Constitution and Sections 70.210, et seq., RSMo respecting the establishment of a common disaster planning program required by Section 44.080, RSMo and may share the cost of the disaster planning office, director and staff thus established.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Weldon W. Perry, Jr.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 146 5/19/72, Reisch