**Derwin D. DODSON,
Plaintiff-Respondent,**

v.

**James J. McGAULEY, Jr., et al.,
Defendants-Appellants.**

**No. 43460.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 29, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Nov. 20, 1981.

Application to Transfer Denied
Jan. 18, 1982.

Eugene P. Freeman, Deputy City Counselor, St. Louis, for defendants-appellants.

Lawrence J. Fleming, London, Greenberg & Fleming, St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendants, members of the Board of Trustees of the Alternative Police Retirement System of St. Louis (the Board), appeal from a circuit court judgment reversing their decision to give plaintiff, a St. Louis policeman, ordinary disability retirement benefits (§ 86.257, RSMo 1978) instead of accidental disability retirement benefits (§ 86.263, RSMo 1978). The Board first contends that its decision should have survived judicial review as it was not clearly contrary to the overwhelming weight of the evidence and was supported by competent and substantial evidence on the record as a whole. Second, the Board maintains that the trial court erred in concluding that the Board exceeded and violated its statutory authority and denied plaintiff due process of law in placing him on ordinary disability retirement. We reverse.

Our review of the evidence on the record focuses on the disability to plaintiff's back that incapacitates him.

Prior to becoming a member of the St. Louis Police Department in 1968 at the age of 30, plaintiff was a St. Louis fireman for about eight years. During this period, he fell from a fire truck ladder, injuring his back. He subsequently suffered several episodes of low back pain, and during a 1971 hospitalization for unrelated problems, a

physician described plaintiff's backache as "moderately severe."

The next injury to plaintiff's back occurred in April, 1973 when, en route to court in response to a subpoena, he was involved in an automobile accident. He was hospitalized that summer for acute lumbar strain and was diagnosed as having sustained soft tissue trauma which was moderately severe at the low back and mild at the neck. Subsequently, plaintiff began seeing a chiropractor, who noted a congenital deformity in his fifth lumbar vertebra. He was placed on light duty at the police department for a period of time before resuming full duty.

In April, 1976, plaintiff slipped and fell while chasing a burglary suspect, which aggravated his back injuries but did not necessitate further hospitalization.

Plaintiff last injured his back in January, 1977 when he stepped from his police car and slipped on snow-covered ice, falling on his service revolver which was holstered on his left hip. Since this accident he has been on full leave from duty, with an extended line of duty disability status.

In April, 1978 plaintiff submitted an application for disability retirement, specifying that he desired accidental disability retirement benefits. Three doctors on the Medical Board of the police retirement system examined him and independently concluded that, although he presented no objective evidence of a specific neuromuscular or orthopedic disease, he was unfit to perform the duties of an active police officer. The defendant Board denied plaintiff service connected accidental disability retirement benefits but granted him an ordinary disability retirement allowance. The circuit court reversed the Board's decision and found that the Board exceeded its statutory authority and denied plaintiff due process of law in placing him on ordinary disability retirement when he did not apply for it.

The Board asserts first that the trial court erred in concluding that the Board's denial to plaintiff of service connected accidental disability retirement benefits is unsupported by competent and substantial evidence on the whole record and is clearly contrary to the overwhelming weight of the evidence.

The scope of a court's review of an administrative decision is well established as follows:

The reviewing court may only determine whether the board ... could reasonably have made its findings and reached its result or whether the decision was clearly contrary to the overwhelming weight of the evidence. * * * The court may not substitute its judgment on the evidence and may not set aside the board's ... decision unless it is not supported by competent and substantial evidence on the whole record. In addition the evidence must be considered in a light most favorable to the board's ... decision, together with all reasonable inferences which support it. * * * If evidence before an administrative body would warrant either of two opposed findings, the reviewing court is bound by the administrative determination, and it is irrelevant that there is supportive evidence for the contrary finding....

*City of Kennett v. Labor Industrial Relations Commission,* 610 S.W.2d 623, 626 (Mo. banc 1981) [quoting *Board of Education v. Shank,* 542 S.W.2d 779, 781–82 (Mo. banc 1976)]; *Bland v. City of Trenton,* 618 S.W.2d 438, 441 (Mo.App.1981); *see also* § 536.140, RSMo 1978.

In denying plaintiff service connected accidental disability retirement benefits, the Board found that his permanent incapacitation for duty was not the "result of an accident occurring ... at some definite time and place through no negligence on his part," as required by § 86.263, RSMo 1978. Rather, the Board concluded that plaintiff's incapacitation was caused by a combination of several injuries, an existing deformity of the spine, and his psychological attitude toward his physical condition. There was ample evidence to support this conclusion under the applicable law.

■■ The term "accident" as used in § 86.263 refers to a single event and does not include a series of traumatic episodes. *Chapman v. Sanders,* 528 S.W.2d 462, 464–66 (Mo.App.1975). Nor does § 86.263 apply

where a police officer has a condition which has impaired the performance of his duties through the years and is suddenly exacerbated by an episode occurring in the line of duty. *Heusmann v. Priest*, 366 S.W.2d 42 (Mo.App.1963); *Ruedlinger v. Long*, 283 S.W.2d 889 (Mo.App.1955). *Compare Vlasak v. Alternative System of the Police Retirement System*, 435 S.W.2d 726 (Mo. App.1968), granting a police officer service connected accidental disability retirement in which an automobile accident aggravated a pre-existing arthritic condition which had never been disabling prior to the accident.

■ The Board could reasonably have concluded from its examination of the evidence that plaintiff's incapacitation was not the result of a single episode—his fall on the ice—but was instead caused by numerous contributing factors, some of which—the congenital deformity of the fifth lumbar vertebra and the fall from the fire truck ladder—occurred even before he joined the police force. Alternatively, the Board could have rationally reviewed plaintiff's final tumble on the ice as merely aggravating an existing back condition. Such findings are clearly reasonable and supported by competent, substantial evidence on the record. Strongest support for this conclusion is from plaintiff's medical expert:

Q [Board's attorney] But, if I understand your testimony, that the incident of January 18th, 1977, was the one that is really the cause of the present disability unrelated to these other accidents?

A [Plaintiff's medical expert] Well, if I indicated that, I meant to say that, you know, all things being considered, that it was my opinion that that was kind of the straw that broke the camel's back.

Q In other words, it was the progression of injuries that ultimately caused the disablement that you testified to after the January 18th, 1977 incident—was that the fall on the ice?

A Yes, sir.

We are bound, therefore, by the Board's determination to disallow plaintiff's acci-

dental disability retirement benefits. There is no question as to his disability—only its cause and whether the Board could reasonably conclude that a series of incidents contributed to the disability, rather than a single episode.

■ The second allegation of error concerns the trial court's conclusion that the Board exceeded its authority, violated § 86.257, RSMo 1978, and denied plaintiff due process of law in awarding him ordinary disability retirement benefits.

Section 86.257 directs the Board of Trustees to grant a police officer an ordinary disability retirement allowance upon application by the officer or the board of police commissioners if certain requirements are satisfied. A narrow construction of this statute, urged by plaintiff and apparently adopted by the trial court, would prohibit the Board of Trustees from granting this retirement allowance unless specifically applied for by the officer or by the board of police commissioners. And plaintiff contends that he applied only for accidental disability retirement benefits and that neither he nor the board of police commissioners on his behalf applied for ordinary disability retirement benefits. But §§ 86.-200–.363, RSMo 1978, governing the City of St. Louis' alternative retirement system, should be read as a whole. Section 86.213, RSMo 1978 invests the Board with the power to administer and the responsibility to operate properly and make effective the retirement system. In exercising its authority it is reasonable for the Board to grant an officer ordinary disability retirement benefits under § 86.257 after finding that he is indeed disabled but ineligible for the desired accidental disability retirement allowance because his disability was not accident-induced.[1] The Board has taken such action in the past. *See Vlasak v. Alternative System of the Police Retirement System*, 435 S.W.2d at 727.

We note also that a strict construction of § 86.257 does not *prohibit* the Board from granting the ordinary disability retirement allowance unless applied for by the police officer himself or by the board of police

---

1. The record reveals that the application submitted by plaintiff was entitled "Application for

Disability Retirement," with an attached letter

commissioners on his behalf. Instead, it *requires* the Board to grant this allowance when applied for by such a party and the other statutory conditions are satisfied.

Finally, placing plaintiff on ordinary disability retirement did not deny him due process of law. Plaintiff cites *Kennedy v. Robb*, 547 F.2d 408 (8th Cir. 1976), which holds that before an employee of the state of Missouri may be discharged, he must be given the opportunity to rebut charges against him. But that situation is not present here. As it was the plaintiff who made application and was given a thorough hearing before being placed on ordinary disability retirement, there has been no abuse of due process. This was not a dismissal or discharge as was involved in *Kennedy v. Robb*. That situation is not remotely felicitous here.

Judgment reversed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.

specifying that he desired accidental disability retirement benefits. On its face, therefore, the application could be construed as seeking either accidental or ordinary disability retirement. In denying the former type of allowance, the Board would not be remiss in granting the latter for a qualified applicant.