**Richard SISCO and Billie Marie Sisco, Appellants,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent.**

No. 73142.

Supreme Court of Missouri, En Banc.

April 9, 1991.

J.W. Gabriel, St. Louis, for appellants.

James P. Lemonds, St. Louis, for respondent.

John B. Reddock, John F. Ketcherside, Liberty, amicus (Missouri Org. of Def. Lawyers).

HIGGINS, Judge.

American Family obtained a declaratory judgment that it owed no money to Richard Sisco because of an exclusion in its underinsured motorist coverage policy. The Missouri Court of Appeals, Eastern District, reversed the judgment and transferred the case to this Court because of general interest and importance. The question is whether American Family Mutual Insurance Company may reduce its underinsured liability to its insured because of "Service Connected Accidental Disability Retirement" benefits paid to the insured by the St. Louis Metropolitan Police Department. This Court determines that it may not. The judgment of the trial court is reversed, and the cause is remanded with directions.

On January 26, 1985, Richard Sisco was a police officer for the St. Louis Metropolitan Police Department. While on duty, he had an automobile collision with a vehicle driven by an underinsured motorist. At the time of the accident, the Siscos had an automobile policy issued by respondent which included underinsured motorist coverage in the amount of $100,000. On March 14, 1986, Richard was involuntarily retired from the police department and placed on Service Connected Accidental Disability Retirement, resulting in payment of benefits to him of over $75,000. On January 13, 1988, appellants obtained judgment against the underinsured motorist in the amount of $100,000. The underinsured motorist had coverage of only $25,000, and the underinsured motorist's insurance company paid appellants the limits of that policy. Respondent asked for, and the trial court made, a declaration that respondent owed no part of the remaining $75,000 coverage by reason of the provision in its policy providing any amounts payable for underinsured motorist coverage "will be reduced by any payment made or amount payable because of the bodily injury under any worker's compensation or disability benefits law or any similar law."

Appellants contend the quoted provision is ambiguous and that the retirement benefits paid to Sisco through the St. Louis police relief and pension system were not encompassed by the provision. Respondent asserts the exclusion provides a reduction from its liability to the extent of any monies paid Sisco pursuant to a disability benefits law including the payments made by the St. Louis Metropolitan Police Department.

Richard Sisco was retired involuntarily from the St. Louis police force through Service Connected Accidental Disability Retirement under sections 86.200—86.366, RSMo, entitled the "Alternate Retirement System in Cities of 700,000 or More." This statutory scheme demonstrates legislative intent to establish retirement security for police officers. *Chapman v. Sanders*, 528 S.W.2d 462, 465 (Mo.App.1975). Workers' compensation is governed by chapter 287, RSMo. It provides a public policy to place upon industry the losses sustained by workers and their dependents by reason of injury or death arising out of the course of employment. *Hickey v. Board of Education of City of St. Louis*, 363 Mo. 1039, 256 S.W.2d 775, 777 (1953). *Hickey* distinguished workers' compensation from teachers' retirement. *Id.* 256 S.W.2d at 777–78.

This case supports a sound argument that the $75,000 received by Sisco from his employer was a retirement benefit under

sections 86.200—86.366, as opposed to any kind of disability compensation in the nature of workers' compensation. Under that argument the exclusion in respondent's policy would have no application. Thus, it is at least arguable that the language of the policy's reduction provision is ambiguous as applied to Siscos' situation, and ambiguous language in an insurance contract is construed against the insurer. *Behr v. Blue Cross Hospital Serv., Inc.*, 715 S.W.2d 251, 255 (Mo. banc 1986); *Robin v. Blue Cross Hospital Serv., Inc.*, 637 S.W.2d 695, 698 (Mo. banc 1982).

The judgment is reversed, and the cause is remanded with direction to enter judgment for plaintiffs for $75,000, together with interest at 9% from January 13, 1988.

BLACKMAR, C.J., and RENDLEN and HOLSTEIN, JJ., concur.

COVINGTON, J., dissents in separate opinion filed.

ROBERTSON, J., and FLANIGAN, Special Judge, dissent and concur in dissenting opinion of COVINGTON, J.

BILLINGS, J., not sitting.

COVINGTON, Judge, dissenting.

I respectfully dissent.

The policy language at issue is: "Any amounts payable will be reduced by any payment made or amount payable because of the bodily injury under any worker's compensation or disability benefits law or any similar law." Appellants challenge on two bases: (1) Sisco is receiving a "stream of payments" rather than a lump sum; (2) the policy language is "poorly worded, vague ... and is ambiguous and unclear as to exactly what is intended in those categories." The principal opinion does not adopt these arguments but, rather, appears to find ambiguity in the character of the statutory benefits mandated under §§ 86.200 to 86.366, RSMo (1986 & Supp.1990).

There is no doubt that multiple legislative purposes are evident in the statutory scheme of benefits provided in §§ 86.200 to 86.366. As noted by the principal opinion, the court in *Chapman v. Sanders*, 528 S.W.2d 462, 465 (Mo.App.1975), stated that the statutory sections demonstrate a legislative intent to establish retirement security for policemen. *Chapman* acknowledges, however, that this is a comprehensive scheme of coverage and there are a number of different types of retirement, including that related exclusively to service connected accidental disability. *Id.* A statement of general legislative intent of a sequence of statutes precludes neither a finding that a particular provision within the statutes is a disability benefits law nor a finding that another provision speaks to voluntary retirement.

The principal opinion does not decide that the service connected accidental disability retirement benefits that Sisco received were retirement benefits; it simply notes that there is a sound argument for that position. Retirement is generally understood as being the "[t]ermination of employment ... upon reaching retirement age, or earlier at election of employee, self-employed, or professional." Black's Law Dictionary 1316–17 (6th ed. 1990). Service connected accidental disability retirement, on the other hand, is not a voluntary retirement. For eligibility the member must "become totally and permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty...." § 86.263. This provision, under which Sisco receives benefits, is a disability benefits law.

The fact that the statutory scheme provides for more than one category of benefits does not render a particular provision ambiguous, nor does it transform the clear language of the policy into ambiguity. "Language is ambiguous if it is reasonably open to different constructions; and language used will be viewed in light of 'the meaning that would ordinarily be understood by the layman who bought and paid for the policy.'" *Robin v. Blue Cross Hosp. Serv., Inc.*, 637 S.W.2d 695, 698 (Mo. banc 1982). The policy language at issue here permits only one reasonable interpretation. The language clearly states that a reduction of the underinsured motorist ben-

efits will be taken for any monies paid pursuant to a disability benefit law.

Finding that § 86.263 provides a disability benefit and finding no ambiguity in the language of the policy provision, I must respectfully dissent.