John Dean WARNER, III, Respondent,

v.

Sgt. James WURM, Lt. Donald Strate, Sgt. Michael Sack, Lt. Kenneth Bradshaw, Lt. James Whyte, Thomas Stoff, Leslie Bond, Sr. MD., Thomas Bozzo, and Chris Goodson, Appellants.

No. ED 89878.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 1, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 2008.

Application for Transfer Denied
June 24, 2008.

Mark Lawson, St. Louis, MO, for appellants.

Charles Billings, St. Louis, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

The Board of Trustees of the Police Retirement System ("the Board") appeals from a judgment in the Circuit Court of the City of St. Louis reversing its decision to deny service-connected disability benefits to John Dean Warner ("Claimant"). Pursuant to Rule 84.05(e)[1] Claimant was the aggrieved party and filed the appellant's brief. The central issue of this case is whether the Board erred in applying the law in finding that Claimant was unable to prove his disability was the result of "an accident" pursuant to Section 86.263. We reverse and remand.

### Factual and Procedural Background

On May 12, 2003, Claimant was undergoing police training in a field when he stepped in a hole. He stated that he caught his left foot in the hole and "hit the ground" with his right leg, which caused his back to pop. He did not experience immediate pain but went to the hospital on May 20, 2003, at which point he also reported the injury to his supervisor. Claimant was eventually diagnosed with a very large herniation in the disc at L4–L5 level. When Claimant underwent a CT scan, the herniation appeared to be so large that the radiologist was concerned that it was not a herniation, but a tumor. On October 7, 2003, he had a spinal fusion surgery.

Before the May 2003 accident, Claimant had been diagnosed with degenerative disc disease. In addition, he had other back problems. In August 1993, he had surgery at the L4–L5 level for a herniated disc. In October 2000, he was diagnosed with a disc herniation at L4–L5 level. On November, 8, 2000, he was involved in an altercation with a suspect and injured his back. Claimant underwent a L4–L5 "disc removal" on January 16, 2001. Claimant was also treated in August 2002 and March 2003 for back and leg pain.

The Board appointed a medical board to evaluate Claimant. It included Dr. Russell Cantrell, Dr. Tom Reinsel, and Dr. Frank Petkovich.

Dr. Cantrell testified by deposition that Claimant would not be able to return to work as an active duty police officer. He concluded that Claimant's previous surgery and his surgery in 2003 were contributing factors to his condition. He found that the May 12, 2003, injury exacerbated Claimant's preexisting degenerative back condition.

Dr. Reinsel found that it was not clear whether Claimant was able "to perform the full functions and duties of a police officer" but noted that Claimant and other physicians had concluded that he could not "perform his duties as a police officer." He found that Claimant could do less strenuous work, but noted that the St. Louis City Police Department was unable to accommodate his restrictions, so he could not conclude whether Claimant should or should not retire. Dr. Reinsel concluded that the Claimant's condition was a result of the May 12 fall.

Dr. Petkovich concluded that Claimant had permanent work restrictions and his condition "would limit his abilities to work as a police officer." He further stated in a report "[i]t is my opinion that his present condition and his most recent surgery were the result of the injury that he describes occurring while at work on 5/20/03[sic]."

Dr. Samson acknowledged that Claimant had a recurrent disc herniation at L4–L5. Dr. Samson concluded that Claimant's cur-

---

1. All Rule references are to Mo. Rules Civ. Pro.2000.

rent condition was a direct result of the injury sustained in May 2003. He further stated he did not believe Claimant "reactivated" a degenerative disease. He stated that Claimant's condition must have resulted from the accident on May 12, and not sometime before, because "it would be very difficult for someone walking around with that huge herniated disc for any length of time without complaints." He also opined that Claimant could not return to "unrestricted" police activity.

The Board reviewed the evidence and denied Claimant benefits. The Board did not specifically state that it found Dr. Cantrell more credible than the other doctors. However, the Board did recount Dr. Cantrell's testimony in greater detail.

The Board found that Claimant did not prove that the accident of May 12, 2003, caused his current condition. In its conclusions of law, the Board stated that under Section 86.263 [2] the claimant has to prove that he has become totally and permanently incapacitated for duty "as the natural and proximate result of an accident." The Board stated that "proximate" was not defined by the statute but that a 1985 case used "proximate" interchangeably with "immediate." It then determined that Claimant's condition was not an immediate or proximate result of the accident because he already had a herniated disc, and that condition was preexisting and caused his incapacitation.

The Board also concluded that the condition did not result from "an accident" because an "accident" must be a single accident, not a series of accidents, and all of Claimant's surgeries were contributing factors to his incapacitation. Claimant filed a petition for review in the Circuit Court of the City of St. Louis and the court reversed the Board's denial of service-connected accidental disability retirement. The Board filed a notice of appeal. However, pursuant to Rule 84.05(e) Claimant was the aggrieved party and filed the appellant's brief. On appeal, Claimant argues that the Board erred in denying him benefits because the decision was not based on competent and substantial evidence and was against the overwhelming weight of the evidence.

### Standard of Review

■■■ Our scope of review is limited to a review of the administrative ruling. *Morgan v. City of St. Louis*, 154 S.W.3d 6, 8 (Mo.App. E.D.2004). We do not review the decision of the circuit court. *Id.* We must determine whether the agency's action is supported by competent and substantial evidence on the whole record. *Id.;* *Mo. Const. art. V, Sec. 18*. However, if there is no factual question involved, but rather a question of law or application of law to the facts, the court may proceed to determine the matter by applying the law in light of the facts. *Chapman v. Sanders*, 528 S.W.2d 462, 464 (Mo.App. St. Louis 1975).

### Discussion

In his sole point relied on, Claimant argues that the Board erred in denying him benefits because the decision was not based on competent and substantial evidence. However, in the argument portion of his brief, it appears Claimant is arguing that the Board erred in its application of Section 86.263. Respondents counter that the Board properly applied Section 86.263 to deny Claimant benefits.

Under Section 86.263, to be entitled to benefits a claimant must establish, *inter alia*, that he:

---

**2.** All statutory references are to Mo.Rev.Stat. 2000.

has become totally and permanently incapacitated for duty at some definite time and place as the natural and proximate result of an accident occurring while in the actual performance of duty through no negligence on the member's part ...

In its decision, the Board determined that Claimant failed to prove that his incapacitation was a "natural and proximate result of an accident." The Board separated this portion of the statute into two elements: (1) proximate causation and (2) "an accident."

The Board concluded that Claimant's incapacitation was not a proximate result of the May 12 fall because in 2000 Claimant had a previous herniated disc that resulted in surgery. It found that Claimant's "incapacitation was the same condition which pre-existed his ... training." Essentially, the Board determined that because Claimant had previously suffered from a herniated disc, Claimant's condition was not proximately caused by the accident within the definition of Section 86.263.

The Board further concluded that Claimant's condition did not result from "an accident" because

the incapacitation must have resulted from a single accident, not a series of accidents. The term "accident" as used in Section 86.263 refers to a single event and does not include a series of traumatic episodes. It was the testimony of [Claimant's] treating doctor that *all* of [Claimant's] surgeries were contributing factors to his incapacitation. Thus, an incapacitation based on multiple accidents, as here, does not meet the criterion imposed under the statute.

(Internal citations omitted; emphasis in original.) Once again, it appears that Claimant's prior surgeries precluded recovery because Claimant could not prove

that his incapacity resulted from "an accident."

To support this interpretation of Section 86.263, the Board cited *Chapman*, 528 S.W.2d at 464. In *Chapman*, the claimant incurred back and neck injuries of varying degrees throughout his thirty eight years of service as a police officer. *Chapman*, 528 S.W.2d at 463. The claimant had a surgery in 1970 in an effort to correct his "disabling physical condition of osteoarthritis" which, in the opinion of his doctors, was aggravated to the "disabling stage" by many on and off duty injuries sustained between 1940 and 1970. *Id.* The operation left the claimant paralyzed and he applied for accidental disability retirement. *Id.* at 436–464. He was denied. *Id.* On appeal, the court determined that the wording of Section 86.263 "an accident" ... at some definite time and place ... was evidence of the legislature's intent to narrowly define the word "accident" and it affirmed the Board. *Id.* at 466.

We find that *Chapman* differs from this case in an important respect. In *Chapman* the claimant did not have an accident that resulted in his disabling condition. Instead, Claimant submitted evidence of a series of accidents spanning 27 years that aggravated his degenerative condition. *Chapman*, 528 S.W.2d at 463–4. Here, however, on May 12, 2003 Claimant had an accident after which he was disabled. The evidence was undisputed that before May 12, claimant was fully able to perform his duties, and after May 12, he had an extremely large herniated disc. This is quite different from *Chapman*, in which the claimant's osteoarthritis was gradually aggravated over nearly thirty years. Thus, the reasoning in *Chapman* that the claimant did not prove his condition resulted from an accident does not apply here. We find that the Board's reliance on *Chapman* is misplaced.

The Board also relied on *Dodson v. McGauley*, 629 S.W.2d 414 (Mo.App. E.D. 1981). In *Dodson*, the claimant suffered three accidents causing injury to his back before an accident in 1977, after which he was permanently disabled. 629 S.W.2d at 415–16. The claimant also had a "congenital deformity in his fifth lumbar vertebrae." *Id.* at 416. The claimant resumed full duty after recovering from each of the accidents before 1977. *Id.* In reviewing the claimant's case, the Board concluded that the claimant's incapacitation was the result of a "combination of several injuries" and not "an accident occurring . . . at some definite time and place . . ." *Id.* The appellate court agreed and upheld the Board's decision. *Id.* In upholding the Board's decision, the court highlighted testimony from the claimant's medical expert, who opined that the progression of injuries ultimately caused the disablement. *Id.* at 417. He testified that the accident was "the straw that broke the camel's back." *Id.*

The *Dodson* court based its decision not on the plain language of Section 86.263, but rather on interpretations of the statute set forth in caselaw. It relied on *Chapman* for the proposition that "[t]he term accident does not include a series of traumatic episodes." *Dodson*, 629 S.W.2d at 416, *citing Chapman*, 528 S.W.2d at 464–66. While this is a reasonable interpretation of the statute, properly applied by the court in *Chapman*, the *Dodson* court misapplied the law under the facts in that case. As in this case, the claimant in *Dodson* actually had an accident that resulted in permanent and total disability. In *Chapman*, the claimant provided no evidence of an accident that resulted in his

disability. Rather, he claimed multiple accidents incurred over decades which hastened the onset of a degenerative disease-indeed, a series of traumatic episodes. The *Dodson* court appears to have read the term "an accident" to preclude a claimant from recovery if he had ever previously injured the body part in question. Evidence of previous injury or preexisting conditions is relevant to the Board's determination, in that the Board must determine whether the accident in question proximately caused the Claimant's incapacity. However, reading the words "an accident" to entirely preclude claimants with previous injuries or preexisting conditions does not comport with the plain language of Section 86.263.[3]

In arguing that this is the correct application of the statute, Respondents cite language in *Dodson* stating that Section 86.263 does not apply "where a police officer has a condition which has impaired the performance of his duties through the years and is suddenly exacerbated by an episode occurring in the line of duty." *Dodson*, 629 S.W.2d at 416–17, citing *Heusmann v. Priest*, 366 S.W.2d 42 (Mo. App. St. Louis 1963) (*overruled on other grounds*). This is a misstatement of *Heusmann's* holding and is contrary to the plain language of Section 86.263.

In *Heusmann* the claimant suffered a long series of heart attacks and heart problems between 1955 and his retirement in 1961. *Id.* at 43. He was denied benefits and appealed. *Id.* On appeal, the claimant relied on several workmen's compensation cases which allowed recovery for latent diseases that had not impaired the claimant's duties, but were aggravated by a work injury. *Id.* at 48. The appellate

---

3. Claimant urges us to rely on *Vlasak v. Alternative System of the Police Retirement System of St. Louis*, 435 S.W.2d 726 (Mo.App. St. Louis 1968). We find that *Vlasak* is not in-structive on the issue of the element of "an accident." Therefore, we do not consider *Vlasak* in this opinion.

court rejected the argument, distinguishing the cases. *Id.* In distinguishing the cases, the court found that the claimant's existing heart condition often "impaired his ability to perform his duties," unlike the claimants in the cited worker's compensation. *Id.* The court found those cases inapplicable. *Id.*

There is nothing in the *Heusmann* case supporting the *Dodson* proposition that an officer could not recover under Section 86.263 if a condition has previously "impaired" his duties. Rather, the *Heusmann* court was refusing to expand the language of Section 86.263 to include a doctrine of worker's compensation law suggested by the appellant. Indeed, it appears the *Dodson* court extended the holding in *Heusmann* to preclude preexisting injuries although there is no such restriction in the in the plain language of the statute.

■ The statute refers to incapacitation "at some definite time and place as the natural and proximate result of an accident . . ." Here, the undisputed facts are that Claimant's claim for disability was based on an on-duty fall that occurred on May 12, 2003. This is certainly "an accident" occurring at a definite time and place. Therefore, we find that the Board erred in applying the law to the facts and finding that Claimant did not prove the element of "an accident."

■ We are also troubled by the Board's determination regarding proximate cause. The language of the Board's decision lead us to believe that the Board determined that, under Section 86.263, Claimant could not prove proximate causation if he had a preexisting injury or condition. Section 86.263 states that a claimant must prove that the incapacitation was "the natural and proximate result of an accident." It does not state that a claimant with a preexisting injury or condition is *per se* precluded from recovery.

The conclusory nature of the Board's decision makes it impossible for us to determine its exact reasoning on this issue and therefore precludes meaningful review. Thus, we remand the matter back to the Board for further findings as to whether Claimant's incapacitation was a "natural and proximate result" of the May 12 fall.

### Conclusion

We find that Claimant's May 12 fall was "an accident" within the meaning of Section 86.263. We reverse and remand the judgment of the circuit court. Upon remand the circuit court is directed to remand to the Board for further findings on the issue of whether Claimant's incapacitation was a "natural and proximate result" of the fall and to instruct the Board to enter a new decision in this matter.

PATRICIA L. COHEN, C.J., and LAWRENCE E. MOONEY, J., concur.